**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROHNERT PARK CITIZENS TO
ENFORCE CEQA,

　　　　　Plaintiff - Appellant,

　v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION; FEDERAL
HIGHWAY ADMINISTRATION,

　　　　　Defendants - Appellees.

No. 09-15750

D.C. No. 3:07-cv-4607 TEH

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Argued and Submitted March 11, 2010
San Francisco, California

Before: REINHARDT and BYBEE, Circuit Judges, and GWIN, [**] District Judge.

　　　Plaintiff-Appellant Rohnert Park Citizens To Enforce CEQA ("Rohnert Park

Citizens") appeals the district court's entry of summary judgment in favor of the

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

U.S. Department of Transportation and the Federal Highway Administration on

Rohnert Park Citizens's claim that the federal agencies violated the National

Environmental Policy Act ("NEPA") when they found that a northern California

highway interchange expansion project would have no significant impact on the

human environment. Rohnert Park Citizens argues that the environmental

assessment for the highway project violated 40 C.F.R. § 1508.25(c)(3) by failing to

adequately consider the cumulative impact on traffic of the highway project in

tandem with an unrelated casino construction project nearby.

We review the district court's grant of summary judgment *de novo* and the

environmental assessment's finding of no significant impact under the

Administrative Procedure Act's arbitrary and capricious standard. *See, e.g.*, *Native

Ecosystems Council v. Dombeck*, 304 F.3d 886, 891-92 (9th Cir. 2002). We hold

that given the lack of information about the casino project's likely effects on

traffic, the environmental assessment's discussion of the cumulative traffic impact

was not arbitrary or capricious. We therefore affirm the district court's grant of

summary judgment.

As a threshold matter, the federal agencies' challenge to Rohnert Park

Citizens's associational standing to bring this action fails. Linda Long, a Rohnert

Park Citizens member who lives on a street adjacent to the project, has a concrete

interest in being free from any adverse environmental effects caused by the project. *See, e.g.*, *White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033, 1039 (9th Cir. 2009). Because Ms. Long "would otherwise have standing to sue in [her] own right," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000), and because the other elements of associational standing are met, Rohnert Park Citizens has standing to maintain this action on behalf of its members.

On the merits of this appeal, Rohnert Park Citizens argues that the highway project's environmental assessment did not adequately analyze the highway project's "incremental impact . . . when added to" the impact of the nearby casino project, a "reasonably foreseeable future action[]." 40 C.F.R. § 1508.7. The highway project proposes to create a more direct connection between a local road and the casino's doorstep via an underpass. Rohnert Park Citizens claims that the environmental assessment's analysis of the potential traffic increase associated with the highway project was deficient.

We disagree. The environmental assessment used current and projected traffic data from the city of Rohnert Park to calculate that, due to the city's traffic routing plans, the highway project would cause only "an incremental increase to traffic" at a local intersection. The data took into account potential traffic that

3

would be generated by the proposed casino. Although this analysis is admittedly thin, that shortcoming is the result of meager information about the incipient casino project, not a failure to adequately analyze available information. At the time of the environmental assessment's release in November 2006, the federal agency responsible for the casino project had not yet issued a draft environmental impact statement for the casino. The only publicly available information about the casino project was its proposed location and general attractions. Even today, the casino has not been built. A NEPA document's failure to analyze unknown environmental effects of reasonably foreseeable future actions does not render its cumulative impacts analysis arbitrary or capricious. *See League of Wilderness Defenders-Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, 549 F.3d 1211, 1220 (9th Cir. 2008); *N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 976-77 (9th Cir. 2006).

Rohnert Park Citizens's remaining challenges to the environmental assessment's alternatives and comments sections depend entirely on the success of its cumulative impact challenge. Because that challenge fails for the reasons above, Rohnert Park Citizens's remaining challenges also fail.

AFFIRMED.

4